UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREL CORPORATION,

       Plaintiff,

v.                                                                   Case No. 05-71130
                                                               Honorable Patrick J. Duggan

FORD MOTOR COMPANY,

       Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION *IN LIMINE***

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 16 ,2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

      This lawsuit involves a contract between the parties pursuant to which Plaintiff Corel Corporation ("Corel") sold Defendant Ford Motor Company ("Ford") certain software (including Micrografx iGrafx FlowCharter or "Micrografx") and a maintenance plan for the software. The contract also provided that any subsidiary of which Ford owned at least a 20% share could obtain software under the terms of the agreement. Presently before the Court is Ford's motion *in limine*, filed April 19, 2006, in which Ford asks the Court to preclude Corel "from introducing evidence or arguing to the jury for a damage award of $2 million by claiming that Section 6(ii) of the parties' contract permits the aggregation of the desktops for the entities listed on Exhibit BB to the contract." For

1

the following reasons, the Court will grant Ford's motion.

As an initial matter, Corel argues that Ford's motion *in limine* should be denied because it is an untimely attempt to obtain partial summary judgment. Corel notes that the deadline for filing dispositive motions in this case was December 1, 2005. Ford's motion, however, is not untimely. Ford could not have filed its motion before the December 1 deadline for dispositive motions because the motion is based on the Court's March 16, 2006 opinion and order regarding the parties' cross-motions for summary judgment. Moreover, this Court's Practice Guidelines states that motions *in limine* generally only need to be filed at the pretrial conference and Ford's motion was filed on that date.

As to the substance of Ford's motion, Paragraph 6(ii) of the Fourth Amendment to the parties' contract provides in pertinent part:

> A ratio of purchased Micrografx licenses to Windows desktops of [sic] will be calculated for each entity in Exhibit BB at the renewal time of the entities [sic] maintenance plan with the exceptions listed below. If 20% of the Windows desktops of the entity exceeds the number of entity licenses owned (14,000 licenses plus additions purchased), then the entity must purchase enough additional licenses to make up the difference. These licenses will be purchased at the rate of $128.00 per license.

The parties previously filed cross-motions for summary judgment with respect to the interpretation of this paragraph. In its motion, Corel argued that Paragraph 6(ii) requires Ford to purchase additional licenses– "true up"– at the renewal time of the entities' maintenance plan, regardless of whether the maintenance plan was renewed. Ford argued

2

in response that Paragraph 6(ii) only requires a "true up" if the maintenance plan was renewed. The maintenance plan was not renewed. Ford additionally argued in its motion for summary judgment that even if the obligation to true up arose without the renewal of the maintenance plan, the plain language of Paragraph 6(ii) only requires a true up if 20% of *each* entity's desktops exceeds the number of entity licenses owned.

When it ruled on the parties' motions for summary judgment on March 16, 2006, the Court found the contract language ambiguous with respect to whether the obligation to true up is dependent on the renewal of the maintenance plan. The Court therefore denied the parties' cross-motions for summary judgment. The Court, however, agreed with Ford that in calculating whether a true up is necessary, the plain and unambiguous language of Paragraph 6(ii) focuses on *each* entity's desktops rather than an aggregation of the entities listed on Exhibit BB to the contract.[1] Nevertheless, the Court concluded that Ford was not entitled to summary judgment because the Court lacked sufficient information to determine whether Ford was one of the entities listed on Exhibit BB or whether 20% of the desktops for each entity listed on Exhibit BB exceeded the number of entity licenses owned.

The Court agrees with Ford that Corel should not be able to argue to the jury that

---

[1] The Court however did not address whether the term "entity licenses owned" in Paragraph 6(ii)– the number which 20% of the entity's desktops must exceed to require a true up– means the 14,000 licenses purchased overall (as Ford now argues) or the number of licenses owned by each entity (as Corel now argues). The Court finds the term ambiguous. Both parties therefore should be able to argue to the jury that their interpretation of this term is correct.

Paragraph 6(ii) of the parties' contract permits the aggregation of the desktops for the entities listed on Exhibit BB to the contract because such an argument would be contrary to this Court's holding in its March 16 opinion. Accordingly,

**IT IS ORDERED**, that Defendant Ford Motor Company's Motion *in limine* is **GRANTED**.

                                               s/PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copies to:
Robert F. Riley, Esq.
Francis R. Ortiz, Esq.